O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MERCEDES VASQUEZ,                      )    NO. CV 07-6925-MAN
                                       )
              Plaintiff,               )
                                       )    MEMORANDUM OPINION
         v.                            )
                                       )    AND ORDER
MICHAEL J. ASTRUE,                     )
Commissioner of the                    )
Social Security Administration,        )
                                       )
              Defendant.               )
_____)

    Plaintiff filed a Complaint on October 24, 2007, seeking review of
the denial by the Social Security Commissioner ("Commissioner") of
Plaintiff's application for disability insurance benefits ("DIB").  The
parties consented to proceed before the undersigned United States
Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties filed a
Joint Stipulation on July 10, 2008, in which:  Plaintiff seeks an order
reversing the Commissioner's decision and remanding solely for
calculation and award of benefits or, in the alternative, remanding the
matter for a new administrative hearing; and Defendant seeks an order
affirming the Commissioner's decision.  The Court has taken the parties'
Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff claims to have been disabled since March 1, 2004, due to back pain, neck pain, and depression.  (Administrative Record ("A.R.") 287; Joint Stipulation ("J.S.") 3.)  Plaintiff has past relevant work experience as a benefits clerk, disaster assistance employee, truck driver, and home care provider.  (A.R. 58.)

Plaintiff filed her application for DIB on February 25, 2005. (A.R. 19.)  The Commissioner denied Plaintiff's claim initially and upon reconsideration.  (A.R. 26.)  On January 29, 2007, Plaintiff, who was represented by counsel, appeared at a hearing before Administrative Law Judge James D. Goodman ("ALJ").  (A.R. 269-98.)  On February 14, 2007,[1] the ALJ denied Plaintiff's claim.  (A.R. 19-24.)  The Appeals Council subsequently denied Plaintiff's request for review of that decision. (A.R. 5.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that Plaintiff has the following physical impairments:  (1) hypertension; (2) mild bilateral carpal tunnel syndrome; (3) hypothyroidism; (4) obesity; (5) cervical radiculitis; and (6) degenerative disk disease with lumbosacral radiculitis.  (A.R. 20.) The ALJ determined that Plaintiff's physical impairments have more than

---

[1]   The Joint Stipulation states that the ALJ's decision was rendered on March 2, 2007; the Appeals Council's denial of review states that the ALJ's decision was rendered on February 20, 2007; the ALJ signed his decision on February 14, 2007, which is the date referenced by the Court.  (J.S. 2; A.R. 5, 24.)

1  a minimal effect on her basic work abilities and, thus, qualify as
2  severe impairments. (*Id.*) The ALJ concluded, however, that Plaintiff's
3  impairments do not meet or medically equal the criteria of an impairment
4  listed in Appendix 1, Subpart P, Regulation No. 4. (*Id.*)  The ALJ
5  further found that Plaintiff "does not have any medically determinable
6  mental impairments, and consequently, does not have any mental
7  limitations." (*Id.*)  Based on Plaintiff's medical records and a
8  consultative examiner's findings, the ALJ concluded that Plaintiff has
9  the residual functional capacity to perform sedentary work, and
10 therefore, she can perform her past relevant work as an administrative
11 clerk/benefits clerk.[2]  (A.R. 22.)  Accordingly, the ALJ found that
12 Plaintiff was not disabled within the meaning of the Social Security Act
13 during the relevant time period.  (*Id.*)

14
15                          **STANDARD OF REVIEW**
16
17      Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's
18 decision to determine whether it is free from legal error and supported
19 by substantial evidence in the record as a whole.  Orn v. Astrue, 495
20 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant
21 evidence as a reasonable mind might accept as adequate to support a
22 conclusion.'" (*Id.*; citation omitted.)  The "evidence must be more than
23 a mere scintilla but not necessarily a preponderance." Connett v.
24 Barnhart, 340 F.3d 871, 873 (9th Cir. 2003)(citation omitted).  While
25 inferences from the record can constitute substantial evidence, only
26 _____
27 [2]   Based on Section 205.567-010 of the Dictionary of Occupational
28 Titles, a benefits clerk must be capable of performing sedentary work.
   (A.R. 80.)

                                   3

1   those "'reasonably drawn from the record'" will suffice.   Widmark v.

2   Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

3

4       Although this Court cannot substitute its discretion for that of

5   the Commissioner, the Court nonetheless must review the record as a

6   whole, "weighing both the evidence that supports and the evidence that

7   detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of

8   Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also

9   Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).   "The ALJ is

10  responsible for determining credibility, resolving conflicts in medical

11  testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d

12  1035, 1039-40 (9th Cir. 1995).

13

14      The Court will uphold the Commissioner's decision when the evidence

15  is susceptible to more than one rational interpretation.   Burch v.

16  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).   However, the Court may

17  review only the reasons stated by the ALJ in his decision "and may not

18  affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d

19  at 630; see also Connett, 340 F.3d at 874.   The Court will not reverse

20  the Commissioner's decision if it is based on harmless error, which

21  exists only when it is "clear from the record that an ALJ's error was

22  'inconsequential to the ultimate nondisability determination.'" Robbins

23  v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(quoting Stout v.

24  Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); see also Burch, 400

25  F.3d at 679.

26  ///

27  ///

28  ///

4

**DISCUSSION**

Plaintiff alleges the following three issues:  (1) whether the ALJ erred in finding at step two that Plaintiff's depression and anxiety are not severe impairments; (2) whether the ALJ properly rejected the opinions and assessments of treating physician Arnold Reyes; and (3) whether the ALJ's finding that Plaintiff is not credible is based on substantial evidence and free of legal error.

**I.   The Record Must Be Further Developed Regarding The Severity Of Plaintiff's Mental Condition.**

A "severe" impairment (or combination of impairments) is defined as one that significantly limits physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).  Basic work activities have been defined as the abilities and aptitudes necessary to do most jobs. 20 C.F.R. § 404.1521(b).  With regard to mental function, these basic work activities include, *inter alia*, "use of judgment"; "responding appropriately to supervision, co-workers and usual work situations"; and "dealing with changes in a routine work setting."  20 C.F.R. § 1521(b)(4)-(6).

The Supreme Court has recognized that including a "severity" inquiry at step two of the evaluation process "increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely that they would be found disabled even if their age, education, and experience were taken into account."  Bowen v. Yuckert, 482 U.S.

5

137, 153 (1987); *see also* <u>Corrao v. Shalala</u>, 20 F.3d 943, 949 (9th Cir. 1994). Accordingly, an impairment should be found to be non-severe "when the medical evidence establishes only a *slight abnormality* . . . which would have no more than a minimal effect on a claimant's ability to work." <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir. 1988)(citing Social Security Ruling 85-28, emphasis added).

Despite use of the term "severe," most circuits, including the Ninth Circuit, have held that the step two inquiry is a *de minimis* screening devise to dispose of groundless claims. <u>Smolen</u>, 80 F.3d 1273, 1290 (9th Cir. 1996)(citing <u>Bowen</u>, 482 U.S. at 153-54). *See also*, *e.g.*, <u>Hawkins v. Chater</u>, 113 F.3d 1273, 1290 (9th Cir. 1996)(same); <u>Hudson v. Bowen</u>, 870 F.2d 1392, 1396 (8th Cir. 1989) (evaluation can stop at step two only when there is no more than a minimal effect on a claimant's ability to work).

Here, the ALJ determined that Plaintiff does not have a severe mental impairment for two reasons. (A.R. 20.) First, the ALJ found that Plaintiff failed to allege any mental impairment when she originally filed for disability benefits. (*Id.*) Second, the ALJ concluded that Plaintiff's medical records did not establish any mental impairment, nor did they demonstrate a "longitudinal history of mental complaints and/or treatment." (*Id.*)

Although Plaintiff did not formally allege a mental impairment within her application for disability benefits, Plaintiff testified in the hearing before the ALJ that she had sought psychological counseling in the past. (A.R. 288-89.) Additionally, the ALJ was aware that

6

Plaintiff was taking Paxil, an anti-depressant medication, because he asked her a question regarding her medication during the disability hearing. (*Id.*)  Beyond this, Plaintiff asserted at the hearing that the only reason she had not seen a psychologist within the preceding year was because she could not keep up with her insurance co-payments. (*Id.*)

In addition, Plaintiff's medical reports from her treating physician, Arnold Reyes, M.D., reflect that she continues to be prescribed anti-depressant medication. (A.R. 250.)  Dr. Reyes stated within his Multiple Impairments Questionnaire that Plaintiff suffers from anxiety and depression, which render her unable to tolerate more than a "low stress" work environment. (A.R. 220.)  Dr. Reyes also opined that emotional factors contribute to the severity of Plaintiff's functional limitations. (*Id.*)  Based on the medical reports contained in the record, and Plaintiff's testimony at the hearing before the ALJ, it is beyond dispute that the ALJ was put on notice of Plaintiff's mental impairment.

If the ALJ found that Dr. Reyes' conclusions regarding Plaintiff's mental health were ambiguous, it was his duty to develop the record further, rather than disregarding Dr. Reyes' mental health diagnosis. In fact, an ALJ should never use unexplained testimony to the detriment of the plaintiff's claim. <u>Smolen</u>, 80 F.3d at 1288.

On remand, it is imperative that the ALJ focus on developing the medical testimony to determine properly whether Plaintiff's mental impairments meet the *de minimis* severity standard and, if so, whether they adversely impact singly, or in combination with her physical

7

impairments, her ability to work.[3]

## II.   The ALJ Failed To Provide Specific, Legitimate Reasons Supported By Substantial Evidence For Rejecting Plaintiff's Treating Physician's Opinion.

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  Even when a treating physician's opinions are contradicted, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)(opinions of treating physicians are entitled to great deference).

In this case, the ALJ found that Plaintiff has the residual functional capacity for sedentary work.[4]  (A.R. 22.)  In making this determination, the ALJ rejected the findings of Plaintiff's treating physician, Dr. Reyes, who concluded that Plaintiff could perform less

---

[3]   Despite the fact that plaintiff reported suffering from depression for seven or eight years, was treated by Dr. Reyes for her depression, and also may have been treated by a psychiatrist at Kaiser Permanente (A.R. 288), the consultative internist, James M. Paule, M.D., opined only as to plaintiff's physical impairments.  (A.R. 145-46.)

[4]   Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.R.R. § 404.1567(a).

8

than a full range of sedentary work, because she is only able to sit for three hours in an eight hour day. (*Id.*)  The ALJ disregarded Dr. Reyes' conclusion regarding Plaintiff's physical impairments for two reasons. (*Id.*)

First, the ALJ found that Dr. Reyes' findings lacked objective supporting evidence. (A.R. 21-22.)  The ALJ correctly notes, however, that a CT scan of Plaintiff's lumbar spine "taken about seven years ago in September 1999" does provide some objective support for Dr. Reyes' conclusion. (A.R. 22.)  Second, the ALJ found that Plaintiff's "treatment was conservative, consisting of medications." (*Id.*) However, Plaintiff's records indicate that Plaintiff's treatment was not conservative. (A.R. 215.)  In particular, within Dr. Reyes' Multiple Impairments Questionnaire, he noted that he had first treated Plaintiff in September of 2001, and he has continued to see her on a monthly basis. (*Id.*)  In addition to Paxil, Plaintiff is prescribed the following medications: (1) Tenormin (heart medication); (2) Synthroid (thyroid medication); (3) NortripTyline (sleep medication); (4) Cycloben Zaprime (pain medication); (5) Zestril (muscle relaxant); (6) Nytroglezcrine (heart medication); (7) Drzodone (sleep medication); (8) Tylenol with Codeine (pain medication); (9) Aspirin (blood thinner medication); and (10) Utram (pain medication). (A.R. 75, 78.)  It is wholly unclear what treatment the ALJ believes Plaintiff should have received in addition to the prescription of these myriad medications. Thus, the ALJ's stated reasons for rejecting Dr. Reyes' opinion are not legitimate.

Further, it is inappropriate for an ALJ to substitute his own

medical judgment for that of the treating physician. *See* <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1102 (9th Cir. 1999); <u>Day v. Weinberger</u>, 522 F.2d 1154, 1156 (9th Cir. 1975)(recognizing that an ALJ is forbidden from making his own medical assessments beyond those demonstrated by the record). Here, with respect to Plaintiff's mental health issues, the ALJ substituted his own diagnosis for that of Dr. Reyes, who has been Plaintiff's treating physician for more than three years, as there is no other medical opinion of record which addresses the nature and extent of Plaintiff's mental impairments. (A.R. 215.)  As noted above in footnote 3, Dr. Paule, the consultative internist, did not render an opinion regarding Plaintiff's mental impairments. Again, therefore, the reasons provided by the ALJ for rejecting the opinion of Plaintiff's treating physician, Dr. Reyes, are not legitimate.

**III.  Although The ALJ Gave Sufficient Weight To Plaintiff's Testimony Regarding Her Subjective Pain, He Failed To Consider The Side Effects Of Her Medication.**

Once a disability claimant produces evidence of an underlying physical impairment that is reasonably likely to be the source of her subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. <u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th Cir. 2004); <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*).  "Unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006).  It is the ALJ's  duty to "identify what

testimony is credible and what evidence undermines the claimant's complaints." <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998).

Further, when an ALJ evaluates a claimant's limitations, he must consider evidence regarding the side effects of medications.  Social Security Ruling 96-7p requires consideration of the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms." *See also* 20 C.F.R. § 404.1529(c)(3)(iv).  The Ninth Circuit has observed that "the side effects of medications can have a significant impact on an individual's ability to work and should figure in the disability determination process." <u>Varney v. Sec'y of Health & Human Servs.</u>, 846 F.2d 581, 585 (9th Cir. 1988).  Like pain, side effects can be a "highly idiosyncratic phenomenon," and a claimant's testimony as to their limiting effects should not be trivialized.  *Id.*

Here, there is objective evidence to support Plaintiff's physical impairments, but the ALJ "did not find her subjective symptoms to be disabling." (A.R. 22.)  The ALJ does appear to have taken into consideration Plaintiff's subjective pain testimony, at least to some extent but without clear explanation, because although the consultative examiner, Dr. Paule, concluded that Plaintiff could perform light work,[5]

---

[5]    Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds, and may involve a good deal of walking, standing, or sitting while pushing and pulling arm and leg controls.  To be considered capable of performing the full range of light work, the claimant must have the ability to do substantially all of these activities.  20 C.F.R. § 404.1567(b).

    In addition to finding that Plaintiff could perform light work, Dr. Paule diagnosed Plaintiff with the following impairments:  (1) lumbar

11

the ALJ found that Plaintiff could perform only sedentary work based on her obesity and viewing the evidence in the light most favorable to her. (*Id.*)

The ALJ failed, however, to take into consideration the side effects of Plaintiff's 11 medications. (*See* Section II, *supra*). Specifically, the ALJ failed to address Plaintiff's testimony that her medications make her sleepy or drowsy and sometimes cause stomach pain. (A.R. 295.)  He failed to mention ten of the 11 medications that Plaintiff has been prescribed and to consider the toll such medications have on Plaintiff's mind and body.

The failure to consider the side effects of medication has been held to constitute error. *See* Rabadi v. Astrue, 2008 WL 2490188, *2 (9th Cir. 2008)(rejecting the ALJ's determination that the claimant was not entitled to benefits, because the ALJ failed to take into consideration "side effects of his medication and all of his impairments, whether severe or not, in combination").  Based on the record before it, this Court cannot say that the ALJ's rejection of plaintiff's subjective complaints, including the side effects of her medications, was appropriate.

///

///

///

///

---

and cervical spondylosis; (2)degenerative joint disease of the right ankle and right foot; (3) hypertension: (4) hypercholesterolemia; (5) tendinitis of the hands; (6) obesity; (7) varicose vein; (8) atypical chest pain; (9) bilateral bunions; and (10) thyroid nodule. (A.R. 20.)

**IV.   Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).   Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.   *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").   However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.   *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors.   *See, e.g.,* <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

13

1    IT IS FURTHER ORDERED that the Clerk of the Court shall serve

2 copies of this Memorandum Opinion and Order and the Judgment on counsel

3 for Plaintiff and for Defendant.

4

5    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

6

7 DATED: December 17, 2008

8                                             /s/
                                    MARGARET A. NAGLE
9                         UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14